IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

2018 NOV 13 AM 8:49

| | | |
|---|---|---|
| ERIC C. PENDLETON,<br>   Plaintiff, | )<br>)<br>) | |
| VS. | )<br>) | CASE NO. _____<br>DECLARATORY AND |
| MIKE RANDOLPH, NATIONAL<br>AUTO PROTECTION CORP.,<br>RICHARD TEDESCO, NATIONAL<br>AUTO PROTECTION CORP.,<br>RICK SMITH, VP AUTOMOTIVE<br>CLAIMS, MATRIX WARRANTY<br>SOLOUTIONS INC.,<br>GAIN, MATRIX WARRANTY<br>SOLOUTIONS INC.,<br>PLATEAU CASUALTY INSURANCE<br>COMPANY,<br>MATRIX FINANCIAL SERVICES.<br>et al.<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | INJUNCTIVE RELIEF<br>IS REQUESTED<br><br>JURY TRIAL REQUESTED |

**COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT UNDER 28 U.S.C. § 1332; DIVERSITY OF CITIZENSHIP AND VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § § § 1983, 1985, 1988 AND 41 U.S.C. § 6503 FRAUDS AND SWINDLES UNDER 18 U.S.C. §1341**

Defendant's Mike Randolph, Richard Tedesco, Rick Smith, Gain, Matrix Warranty Solutions Inc., Plateau Casualty Insurance Company, National Auto Protection Corp., and Matrix Financial Services is being sued in their official capacity and in their individual capacity for their actions.

This is a *pro se* civil rights complaint instituted under the Civil Rights Acts of 1871, 42 U.S.C. § 1983, 41 U.S.C. § 6503 to redress the deprivation under color of State of Law, custom, regulation, practice, policy or usage, of rights, privileges and immunities secured under the Eighth Amendment of the United States Constitution and under the 28 U.S.C. §1332; Diversity of Citizenship, and Frauds and Swindles 18 U.S.C. §1341.

1

# INTERESTED PARTIES

**PLAINTIFF(S):**

1. Plaintiff, Eric Pendleton resides at 1903-Cephas Street, Nashville, Tennessee 37208, 615-887-7262.

**DEFENDANT(S):**

2. Defendant, Mike Randolph, Supervisor, resides at the National Auto Protection Corp., 931-Village Blvd., Suite 905 290, West Palm Beach FL 33409. 1-844-687-4695 Ext. 114

3. Defendant, Richard Tedesco, Protection Specialist, National Auto Protection Corp.931-Village Blvd., Suite 905 290, West Palm Beach FL 33409. 1-833-228-1900.

4. Defendant, Rick Smith, VP Automotive Claims Matrix Warranty Solutions, Inc., 3100-Mckinnon Street, Suite 420 Dallas, TX 75201. 214-396-3496 Ext. 402

5. Defendant, Gain, Manager, Matrix Warranty Solutions, Inc., 3100-Mckinnon Street, Suite 420 Dallas, TX 75201. 214-396-3496 Ext. 400.

6. Defendant, Plateau Casualty Insurance Company, 2701 N. Main Street, Crossville, Tennessee 38555. 1-800-398-3632.

7. Defendant, Matrix Financial Services, 3100-Mckinnon Street, Suite 420 Dallas, TX 75201. 1-833-228-1900.

**WITNESSES:**

8. Witnesses, Stephen Crofford, Attorney at Law, 1230-2nd Avenue North, Nashville, Tennessee 37210. (615)244-2445.

9. Witnesses, Marquisha Adkisson, Service Consultant Buick GMC, 1525-Broadway, Nashville, Tennessee 37203. (615)251-8400 Ext. 263.

10. Witnesses, Caleb Ranstass, Service Manager Buick GMC, 1525-Broadway, Nashville, Tennessee 37203. (615)251-8400.

## ISSUE FOR REVIEW

1. ABUSE OF AUTHORITY
2. FRUAD AND SWIDLES
3. RACIAL DISCRIMINATION BECAUSE HE IS BLACK
4. ACTIONS OUTSIDE COLOR OF LAW
5. BREACH OF CONTRACT

# **STATEMENT OF FACTS**

**I.** Plaintiff submits that on October 28, 2017 he purchaser a 2013 GMC Terrain SLT with 82737 mileage at Peggy's Auto Sales in Hendersonville, Tennessee which is now going out of business. Plaintiff claims that on April 12, 2018 he received a telephone call from National Auto Protection Corp. in regards to purchasing an extended warranty on Plaintiff 2013 GMC Terrain SLT. In fact, they stated *"our records indicate that you have not contacted us to have your vehicle service contract activated. We are informing you that if your factory warranty has expired, you will be responsible for paying for any repairs. However, if expire you can still activate protection for your vehicle before it is too late.* In addition, they continuously and stated over the Telephone with respect to *the extended warranty in case Plaintiff vehicle brake down, take it to the nearest license facility of your choice and Plaintiff will only have to pay One Hundred Dollars ($100.00) deductible and Matrix Warranty Solutions Inc. and National Auto Protection Corp., will covered the rest of the cost as well the rental fees.*

**II.** Plaintiff alleges that on April 12, 2018, after the Salesperson explained the service that Plaintiff would be obtaining the salesperson asked Plaintiff for the mileage and VIN number and Plaintiff gave them the correct mileage and VIN number at the time Plaintiff purchase and accepted the agreement. Plaintiff asserts that contract was perfect due to being on a fix income.

**III.** Plaintiff states that on August 17, 2018 while driving the 2013 GMC Terrain for the first time since purchasing the vehicle Plaintiff heard usual noise coming from underneath the front of the 2013 GMC Terrain. Plaintiff claims that he had his vehicle service almost every other month with respect to the oil, transfer case and transmission. Also plaintiff engine light never came on.

**IV.** Plaintiff claims that he immediately pulled over and call National Auto Protection Corp., Roadside service number 1-844-286-4487. Plaintiff's alleges that upon speaking with roadside service custom service tech Plaintiff's explained to the tech that his vehicle is malfunctioning and what should he due. However, the customer service tech asked Plaintiff is the vehicle drivable in Plaintiff respond he stated it is and the tech stated that if it is drivable Plaintiff could take it to the near Licensed Repair Facility of Plaintiff's chose. In fact, the tech call the towing service, in addition, after the towing service long delay Plaintiff went on and drove the vehicle to the nearest licensed repair facility which was Beaman Automotive Group 1525-

5

Broadway, Nashville Tennessee 37203 USA.

**V.** Plaintiff states that when he got to the repair facility they asked Plaintiff what was wrong with the vehicle, Plaintiff explained that the vehicle was making a loud noise underneath the vehicle. Thereafter, Plaintiff explained and handed Marquisha Adkisson, Service Consultant Buick GMC Plaintiff ID card that Plaintiff receive with the agreement from National Auto Protection Corp., in the event of a breakdown showing proof that Plaintiff have an extended warranty on the vehicle. Also, Ms. Adkisson call Avis Rental car Company and they came and pick up Plaintiff and drove him to Avis Car Rental Company to receive a rental car.

**VII.** Plaintiff asserts that on August 20, 2018, he received a phone call message from Marquisha Adkisson, Service Consultant Buick GMC, requesting that Plaintiff give her a phone call. Thereafter, Plaintiff states that upon returning her phone call, she stated to Plaintiff that she talked to Mike Randolph, Supervisor, from National Auto Protection Corp. and Gain, Manager, Matrix Warranty Solutions, Inc., alleging that Plaintiff gave them the wrong mileage and VIN number and that they wanted to talk with Plaintiff regarding that situation. Plaintiff claims that after speaking with Mr. Randolph and Gain they asked Plaintiff's to send them proof of the mileage and vin number when Plaintiff purchase the vehicle. Plaintiff alleges that Mr. Randolph stated he had the recording of the purchase of the extended warranty. Plaintiff requested that this Honorable Court force National Auto Protection Corp. to hand over the recording conservation with Plaintiff and the salesperson.

**VIII.** Plaintiff claims that he went to GMC and handed Caleb Ranstass, Service Manager Buick GMC the information that they requested for and Mr. Ranstass fax the information to Mike Randolph, Supervisor, for National Auto Protection Corp. and Gain, Manager, Matrix Warranty Solutions, Inc...

**IX.** Plaintiff maintains that information was not good enough for those two agencies common scheme and there plan to commit fraud. Most importantly, Matrix turn right around and denied Plaintiff claims anyway.

**X.** Plaintiff alleges that he highly upset and went and spoken with Stephen Crofford, Attorney at Law about what had happen to Plaintiff, after reading over the contract he was highly

6

upset about what he observe. In addition, Mr. Corfford call the Defendant's also he e-mail them September 20, 2018. Plaintiff submits that after leaving Mr. Crofford Office Plaintiff received a surprise Phone call from Mike Randolph stating that he would refund Plaintiff $600.00 dollars and pay part of the car rented bill. Plaintiff's claim that he explain to Mr. Randolph please give him time to think about it, as well share this information with Mr. Crofford. However, Plaintiff call Mr. Crofford and left that information on his voice mail. Furthermore, Plaintiff states that he was waiting on Mr. Crofford respond.

XI. Plaintiff alleges in Defendant's response to Mr. Crofford e-mail they stated *"Dear Mr. Crofford, In the request from you to look into the claim filed on 8/20/2018 for Mr. Eric Pendleton's 2013 GMC Terrain, we have discovered the following concerns that will need to be addressed in order to move forward.*
*On 8/20/2018 we received a call from Quisha at Beaman Buick GMC, VIN on the vehicle was not the same as on the Vehicle Service Contract (VSC). It was reported that the vehicle was making a loud dragging noise from the front. The shop found the front transfer case had come apart and pieces were hanging down under the vehicle, cause unknown at this time. The mileage was reported as 109,371 when the vehicle arrived at the shop on 8/17/2018. Mr. Pendleton purchased the VSC on 4/12/2018 with 80,000 miles reported to us from National Auto Protection (NAP). This meant the vehicle had been driven 29,371 miles in 127 days, or 231 miles per day. This type of usage is unusual and triggered an investigation. A Carfax was obtained and the mileage reported on 7/10/2017 was 82,675, on 7/14/2017 it was 82,706, and on 10/28/2017 it was reported to TN Motor Vehicle Dept. as 82,737, all indicating that the mileage reported to us on 4/12/2018 of 80,000 miles was incorrect.*

*We explained the VIN/mileage discrepancy to the repair shop and Mr. Pendleton and requested that NAP be contacted to correct both issues. Later that day a correction was submitted by NAP to correct the VIN and the reported start mileage as 109,371. The corrections were made and documents for start mileage verification were requested. We later received a TN Odometer Disclosure Statement dated 10/28/2017 with 82,737 miles which corresponded with the Carfax report. On 8/29/2018 we received a Vehicle Inspection Report with no date showing 86,000 miles. With a VSC sale date of 4/12/2018 neither of these documents would provide evidence of the actual mileage at the time of*

7

> *VSC purchase.*
>
> *Correct start mileage is critical due to the One Month and 1,000 mile waiting period as stipulated in the VSC. In addition, the VSC states IF ANY INFORMATION ON THIS CONTRACT IS IN ERROR, CONTACT THE SELLING COMPANY OR ADMINISTRATOR IMMEDIATELY. No correction was attempted until the claim was filed on 8/20/2018. On 8/22/2018 a cancellation quote was received stating the odometer was 117,371, the VSC was cancelled on 8/30/2018.*
>
> *In order to proceed with this claim we will need proof of mileage at the time the VSC was purchased, the VSC will need to be re-instated and current, and a valid document showing the transfer case was serviced at 97,500 miles as required by the manufacturer. Upon receipt of these items we can review the validity of this claim.*
>
> *Regards,*
>
> *Rick Smith | VP Automotive Claims Matrix Warranty Solutions, Inc. 3100 McKinnon Street, Suite 420 Dallas, TX 75201*
>
> 2    *14-396-3496 X402"*

**XII.** Plaintiff claims that on September 16, 2018 he received a refund check from National Auto Protection Corp. in the amount of $358.96 dollars. Plaintiff maintains that on the same day after receiving the refund he call National Auto Protection and guest who answers the phone Mike Randolph, Supervisor, Plaintiff asked Mr. Randolph why did you send Plaintiff the refund check Plaintiff never asked for his refund back he only wanted his vehicle service and fix. Also, Mr. Randolph stated on September 20, 2018 that he would refund Plaintiff $600.00 dollars and pay part of the car rent fees. Mr. Randolph stated also that Plaintiff was supposed to let him know with regard to that offer. Plaintiff claims that he didn't know that was Defendant's final offer. Plaintiff states that Mr. Crofford didn't received the respond from Matrix until August 29, 2018.

**XIII.** Plaintiff asserts that Mr. Randolph further stated that Plaintiff contract was cancel by the company. Plaintiff submits that he was never notified with respect to the cancellation. Plaintiff asked Mr. Randolph why was his contract cancel? Mr. Randolph stated some girl call them and asked that the contract to be cancel. Plaintiff asked Mr. Randolph who was she he could

not tell Plaintiff who she was. Plaintiff submits that Mr. Randolph is blatantly lying.

**XIV.** Plaintiff submits that Beaman Buick GMC service charge came up to $2,175.76. Also, the Avis rental fees came up to $2,000.00.

### RELIEF:

1. Defendant's act and / or omissions as complained herein above, have and are, causing the plaintiff to suffer severe mental, psychological and emotional stress, discomfort, depression withdrawal, confusion, anger, aggravation and pain. Most importantly, this cause Plaintiff bank account to be over draft, got behind on his bills and couldn't pay his bill due to a financial burden.

2. Therefore, plaintiff is entitled to an award of compensatory damages in the amount of $100,000.00 from each of defendants is this case.

3. Defendant's Mike Randolph, Richard Tedesco Rick Smith, Gain, Plateau Casualty Insurance Company and Matrix Financial Services, LLC actions as complained herein above demonstrate unacceptable actions outside the color of law and therefore plaintiff is entitled to an award of compensatory damages from Defendant's Mike Randolph, Richard Tedesco, Rick Smith, Gain, Plateau Casualty Insurance Company and Matrix Financial Services, LLC in their individual capacity in the amount of $100.000.00.

4. Defendant's acts and/or omissions, as complained herein above, inasmuch as they were engaged in by the defendants maliciously, deliberately, intentionally, willfully, callously, capriciously, wantonly, and arbitrarily and with full knowledge that such violated plaintiff's Eighth and Fourteenth Constitutional Amendments protected rights, entitles plaintiff to an award of punitive damages in the amount of $6,000.000.00.

5. Court cost to be taxed to the defendants named herein in this complaint.

6. Reasonable attorney's fees to be awarded to the plaintiff.

7. The plaintiff further request this court to appoint competent counsel so this action can be sufficiently amended to meet all other requirements of the Federal Civil Rule including, but not limited to discovery.

8. Plaintiff request this Honorable Court to appoint counsel to him in these proceedings for the following reasons:

a.  Plaintiff is not able to afford counsel.
b.  The issues involved in this cause of action are complex and threaten the plaintiff with loss of liberty.
c.  The issues involved in this case will require investigation, which the plaintiff cannot do.
d.  Plaintiff has no legal or specialized training or education that would enable him to properly, effectively and adequately present the issues alleged in this instant action now before this Honorable Court.

I (we) hereby certify under penalty of perjury that the above complaint is true to the best of my (our) information, knowledge and belief.

Signed this 13th day of November 20 18.

Respectfully submitted,

*Eric C. Pendleton*
Eric C. Pendleton
*Acting pro se*
1903-Cephas Street,
Nashville, Tennessee, 37008
Phone No. 615-887-7262

**THIS DOCUMENT IS SELF-NOTARIZED PURSUANT TO TITTLE 28 § U.S.C. 1746**

11