# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| ERIC C. PENDLETON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-01282 |
| MIKE RANDOLPH et al., | ) ) ) | CHIEF JUDGE CRENSHAW |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Complaint (Doc. No. 1) is before the Court for an initial review in accordance with 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, this case will be dismissed.

**I.   Factual Allegations**

Plaintiff names as defendants Mike Randolph, Richard Tedesco, Rick Smith, Gain, Matrix Warranty Solutions Inc., Plateau Casualty Insurance Company, National Auto Protection Corp., and Matrix Financial Services. He asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 42 U.S.C. §§ 1983, 1985, and 1988, 42 U.S.C. § 6503, and 18 U.S.C. § 1341.

Plaintiff's claims concern his purchase of a 2013 GMC Terrain SLT in October 2017 from Peggy's Auto Sales in Hendersonville, Tennessee, which is "now going out of business." (Doc. No. 1 at 5.) On April 12, 2018, he purchased an extended warranty from National Auto Protection Corp. ("National"), after providing National the correct mileage and VIN number for the vehicle. (Id.) His vehicle broke down in August 2018, and Plaintiff sought to invoke the coverage he had purchased from National. Plaintiff asserts that National, its supervisor Mike Randolph, Gain, Matrix Warranty Solutions, Inc. ("Matrix Warranty"), and Rick Smith, VP of Automotive Claims

for Matrix Warranty, have conspired to commit fraud by denying Plaintiff's request for coverage of the problems with his vehicle. Plaintiff does not provide any facts to support the existence of this conspiracy, and he does not explain the relationship between National on the one hand and Gain and Matrix Warranty on the other. However, his request for coverage from National was denied in an email from Rick Smith for Matrix Warranty. (See Doc. No. 1, at 7–8 (quoting email denying coverage based on discrepancy between the mileage of the covered vehicle as provided by Plaintiff at the time of contracting and the vehicle's actual mileage).) Plaintiff alleges that National refunded him the cost of the warranty ($358.96) and cancelled the contract, but Plaintiff did not request cancellation; he wanted his vehicle repaired and the cost of a rental car covered in accordance with his warranty contract. Plaintiff claims that he never received notice of cancellation and that Mike Randolph lied to him about receiving a request that the contract be cancelled. Plaintiff alleges that the cost of repairing his vehicle was $2,175,76 and the rental car fee was $2,000. (Doc. No. 1, at 9.)

Plaintiff seeks relief in the form of mental and emotional distress. He also alleges that, because of the financial burden imposed by the cancellation of the contract, he got behind on his bills and his bank account was overdrawn. He seeks $100,000 in damages from each defendant plus punitive damages of $6,000,000 from each defendant.

## II. Legal Standards

### A. Review under Section 1915(e)(2)

The Court is statutorily required to conduct an initial review of the complaint when a plaintiff proceeds *in forma pauperis* and to dismiss it prior to service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The screening procedure

established by § 1915(e) applies to *in forma pauperis* complaints filed by non-prisoners as well as to those filed by prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). (quoting Gregory v. Shelby Cty., 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

Plaintiff in this case proceeds *pro se*, without an attorney. "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383. *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot

create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks and citation omitted). Cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B.     Jurisdiction**

Apart from its obligation to review the Complaint to ascertain whether it states a claim for which relief may be granted, this Court has a duty to consider its subject-matter jurisdiction in regard to every case and may raise the issue *sua sponte*. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009).

There are two basic types of jurisdiction: federal-question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. A plaintiff properly invokes federal-question jurisdiction under § 1331 when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (citation omitted). He invokes diversity jurisdiction when he presents a claim between parties who are citizens of different states and the value of that claim exceeds the required jurisdictional amount, currently $75,000. 28 U.S.C. § 1332(a). The district court is to presume that a cause lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests upon the plaintiff. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

When a plaintiff fails to establish jurisdiction, the Court must dismiss the case without prejudice. Ernst v. Rising, 427 F.3d 351, 366 (6th Cir. 2005); see also Revere v. Wilmington Fin., 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.").

**III.    Analysis**

    **A.    No Diversity Jurisdiction**

The gravamen of the Complaint, is a state law breach of contract claim, along with state law fraud claims. Plaintiff asserts that the Court has jurisdiction over these claims based on diversity of citizenship.

The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The Supreme Court has long interpreted this provision "to require complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). The citizenship of a natural person is determined by his domicile, Von Dunser v. Aronoff, 915 F.2d 1071, 1072 (6th Cir. 1990), while a corporation is deemed to have the citizenship of both its state of incorporation and its principal place of business. Safeco Ins. Co. v. City of White House, Tenn., 36 F.3d 540, 544 (6th Cir. 1994); 28 U.S.C. § 1332(c)(1).

Plaintiff asserts diversity as a basis for jurisdiction, but among the defendants is Plateau Insurance Company, which, according to Plaintiff, has its principal place of business in Crossville, Tennessee, and is therefore a citizen of Tennessee. Plaintiff himself resides in Nashville, Tennessee. Because there is not complete diversity between all plaintiffs and all defendants, the

Court lacks diversity jurisdiction under Section 1332.

### B. Failure to State a Claim Under Federal Statutes

Plaintiff also asserts that the Court has federal-question jurisdiction over his claims based on 42 U.S.C. §§ 1983, 1985, and 1988, 41 U.S.C. § 6503, and 18 U.S.C. § 1341. The allegations in the Complaint, however, fail to state a colorable claim under any of these statutes.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014). A plaintiff may not proceed under Section 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). While Plaintiff makes vague assertions that his civil rights have been violated, he fails to show that the purported violations took place at the hands of a state actor or under color of law, or that any of the conduct of which he complains is "fairly attributable to the state." Id. (quoting Ellison v. Garbarino, 48 F.3d 192, 195 (6th Cir. 1995)). The Complaint therefore fails to state a claim under Section 1983.

It also fails to state a claim under Section 1985. The first two subsections of 42 U.S.C. § 1985 prohibit, (1) conspiracies to prevent federal officials from performing their duties and (2) conspiracies intending to deter witnesses from participating in state or federal judicial proceedings. 42 U.S.C. § 1985(1) & (2). Plaintiff is not a federal official and his claims are not related to the participation of witnesses in judicial proceedings, so these subsections are inapplicable to this action.

A plaintiff seeking relief under Section 1985(3) must show four elements: "(1) the existence of a conspiracy; (2) the purpose of the conspiracy was to deprive any person or class of

persons the equal protection or equal privileges and immunities of the law; (3) an act in furtherance of the conspiracy; and (4) injury or deprivation of a federally protected right." Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971); Royal Oak Entm't, LLC v. City of Royal Oak, 205 F. App'x 389, 399 (6th Cir. 2006). The Sixth Circuit has held that subsection (3) applies only where the discrimination was based on race or membership in another class comprising "discrete and insular minorities that receive special protection under the Equal Protection Clause because of inherent personal characteristics." Royal Oak, 205 F. App'x at 399 (quoting Volunteer Med. Clinic, Inc. v. Operation Rescue, 948 F.2d 218, 224 (6th Cir. 1991)). Under the heading "Issue for Review," Plaintiff states "Racial Discrimination Because He Is Black." (Doc. No. 1 at 4.) Plaintiff, however, does not allege that he ever personally met with the natural person Defendants (Randolph and Smith) or that any of the Defendants knew he was black. He does not allege any facts suggesting that he was targeted because of race or that the purpose of the purported conspiracy was to deprive him of equal protection of the law because of his membership in that class. Finally, he does not allege that he actually suffered an injury to a federally protected right. The Complaint fails to state a claim under 42 U.S.C. § 1985(3).

Plaintiff also references 42 U.S.C. § 1988. Subsections (b) and (c) of that statute authorize payment of attorney's fees and expert fees to prevailing plaintiffs in Section 1983 actions, among other enumerated federal statutory causes of action. These subsections do not create an independent basis for relief. Accord Graham v. Sequatchie Cty. Gov't, No. 1:10-CV-20, 2011 WL 1305961, at *35 (E.D. Tenn. April 4, 2011) ("42 U.S.C. § 1988 only speaks to suitable remedies available to a prevailing party based on an already valid 42 U.S.C. § 1983 claim."). The remedy provisions in Section 1988 do not become relevant unless a plaintiff prevails on a Section 1983 claim. Id. The Court has already determined that the Complaint fails to state a claim under Section

1983.

Under Section 1988(a), state law may be considered in a Section 1983 claim only where there is no rule of federal law on point and state law is consistent with the Constitution and laws of the United States. "The express terms of § 1988(a) prevent us from replacing federal law with more favorable state law. . . ." Wilson v. Morgan, 477 F.3d 326, 332 (6th Cir. 2007). "42 U.S.C. § 1988 cannot be used to create a federal cause of action where § 1983 does not otherwise provide one." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 701 n.66 (1978); see also Moor v. Cty. of Alameda, 411 U.S. 693, 703–04 (1973) ("[W]e do not believe that the section [1988], without more, was meant to authorize the wholesale importation into federal law of state causes of action"). The Complaint does not state a claim under Section 1988.

Plaintiff seeks to federalize his breach of contract claim by referencing 41 U.S.C. § 6503. This provision, by its terms, only "applies in case of breach or violation of a representation or stipulation included in a contract under section 6502 of this title." Section 6502 pertains only to contracts "made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." 41 U.S.C. § 6502. The Complaint does not state a colorable claim under Section 6503, because no contract with a federal agency is at issue.

Finally, Plaintiff purports to bring suit for "fraud and swindles" under 18 U.S.C. § 1341. Section 1341 is a federal statute that criminalizes mail fraud. "Mail fraud consists of (1) a scheme or artifice to defraud; (2) use of mails in furtherance of the scheme; and (3) intent to deprive the victim of money or property." United States v. Turner, 465 F.3d 667, 680 (6th Cir. 2006). Plaintiff cannot state a claim based on an alleged violation of 18 U.S.C. § 1341, because violations of this section of the federal criminal code do not give rise to independent, private causes of action. Saro

v. Brown, 11 F. App'x 387, 388 (6th Cir. 2001) (citing Morganroth & Morganroth v. DeLorean, 123 F.3d 374, 386 (6th Cir. 1997)).

An individual may, however, assert a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") predicated on mail fraud. See 18 U.S.C. § 1962(c). As the Sixth Circuit has explained:

> Pursuant to § 1964(c), RICO provides a private right of action for treble damages for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, § 1962 states in relevant part:
>
> > (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
> >
> > (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection . . . (c) of this section.
>
> A "pattern of racketeering activity" requires at least two acts of "racketeering activity," § 1961(5), defined by § 1961(1) to include a number of acts including mail fraud under § 1341. . . . Thus, to prove that a defendant violated § 1962(c), it is necessary for the plaintiff to prove that the defendant committed two predicate offenses. But to violate § 1962(d), a defendant need only agree[] that another violate § 1962(c) by committing two acts of racketeering activity.

Grange Mut. Cas. Co. v. Mack, 290 F. App'x 832, 834–35 (6th Cir. 2008) (some internal quotation marks and citations omitted).

The Court, liberally construing the *pro se* Complaint in the light most favorable to Plaintiff, finds that it does not state a colorable claim under RICO either. First, the underlying predicate acts of mail fraud must be pleaded with particularity. Blount Fin. Serv. v. Walter E. Heller & Co., 819 F.2d 151 (6th Cir. 1987). Here, Plaintiff does not specifically identify the predicate use of the mails. Further, even assuming that Defendant Randolph's use of the mail for the purpose of mailing a refund check to Plaintiff in the amount of $358.96 somehow qualifies as an act of mail fraud, Plaintiff does not allege the existence of a "pattern of racketeering activity." 18 U.S.C. § 1961(5).

9

All other communications between Plaintiff and Defendants are alleged to have taken place by telephone and email, and the only alleged fraudulent scheme is one single scheme to deny Plaintiff's claim for warranty coverage. Plaintiff alleges that he entered into a valid contract for an extended warranty on his vehicle. Defendants claim that Plaintiff provided erroneous information to them at the time of contracting, thus voiding the extended warranty. Even if the information provided by Plaintiff was correct, and even if Defendants wrongfully denied his claim, Defendants' breach of a single contract, even if they also engaged in fraud, does not amount to an on-going pattern of racketeering activity. Accord, e.g., Moon v. Harrison Piping Supply, 465 F.3d 719, 725–26 (6th Cir. 2006) ("All of the predicate acts—the mailing of the Notice and Second Notice cutting off his benefits and the mailing of Dr. Ray's fraudulent medical report—were keyed to Defendants' single objective of depriving Moon of his benefits. No other schemes, purposes, or injuries are alleged, and there are no facts suggesting that the scheme would continue beyond the Defendants' accomplishing their goal of terminating Moon's benefits. In circumstances such as these, the purported racketeering activity does not bear the markings of the long-term criminal conduct about which Congress was concerned when it enacted RICO." (internal quotation marks and citation omitted)). Likewise, Plaintiff also does not allege facts establishing that each defendant "knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise," Smith v. Berg, 247 F.3d 532, 538 (3d Cir. 2001), or knowingly agreed to "to perform services of a kind which facilitate the activities of those who are operating the enterprise in an illegal manner." Brouwer v. Raffensperger, Hughes & Co., 199 F.3d 961, 967 (7th Cir. 2000). In short, Plaintiff does not have a private right of action under 18 U.S.C. § 1341, and the allegations in the Complaint, however broadly construed, do not state a claim under RICO.

### C. Supplemental Jurisdiction

Although the Complaint fails to state a claim under federal law over which the Court has original federal question jurisdiction, the Court has supplemental jurisdiction over any state law claims that are "so related to claims in the action within" the Court's original jurisdiction as to "form part of the same case or controversy." 28 U.S.C. § 1367(a). On this basis, the Court has the ability to exercise jurisdiction over Plaintiff's state law claims for fraud and breach of contract.

Under Section 1367(c), however, the Court may decline to exercise supplemental jurisdiction once the Court has dismissed all claims over which it has original jurisdiction. Id. § 1367(c)(3). As noted above, diversity jurisdiction does not exist in this case, so the Court does not have original jurisdiction over the state law claims. Under these circumstances, the Court will decline to exercise supplemental jurisdiction over those claims.

### IV. Conclusion

Plaintiff's allegations, construed as true, do not establish the existence of viable federal claims. For the reasons set forth herein, all federal claims against all Defendants will be dismissed with prejudice for failure to state a claim for which relief may be granted. The Court lacks original jurisdiction over the state law claims and will decline to exercise supplemental jurisdiction over those claims. They will be dismissed without prejudice.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE